UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>            Plaintiff,<br><br>     v.<br><br>JULIAN GALLARDO,<br><br>            Defendant. | 1:10-cv-2337 OWW DLB<br><br>SCHEDULING CONFERENCE ORDER<br><br>Motion to Remand Filing Deadline: 6/17/11<br><br>Motion to Remand Hearing Date: 7/18/11 10:00 Ctrm. 3 |

I.   Date of Scheduling Conference.

     June 15, 2011.

II.  Appearances Of Counsel.

     Pite Duncan, LLP by Jason W. Short, Esq., appeared on behalf of Plaintiff.

     Defendant has not participated in any joint Scheduling Conference statement efforts.  Defendant Julian Gallardo stipulated to judgment in a prior State Court unlawful detainer proceeding in this case.  The case was subsequently removed to this Court and Mr. Gallardo has not responded or otherwise communicated with Plaintiff's counsel.

///

1

III.   Summary of Pleadings.

    1.   Plaintiff purchased the real property located at 2409 Park Brae Way, Modesto, CA 95358 (hereinafter the "Subject Property") at trustee's sale on June 8, 2010. Plaintiff's title was duly perfected by the recording of the Trustee's Deed Upon Sale. Defendant was served with Written Notice to Vacate on July 15, 2010. Defendant failed to comply with the Notice to Vacate and Plaintiff filed the instant action for unlawful detainer on or about August 10, 2010. At trial on November 15, 2010, the parties stipulated to Judgment whereby Defendant admitted that Plaintiff was entitled to possession, but Plaintiff would not seek to enforce the Writ of Possession Prior to December 5, 2010.

    2.   Defendant failed to vacate the Subject Property by December 5, 2010. Instead, Defendant filed a Notice of Removal of the unlawful detainer case to Federal Court on December 15, 2010 and filed a Chapter 13 Bankruptcy Petition on December 17, 2010 in the Eastern District of California, designated as case number 10-94880. Plaintiff sought, and was granted, relief from the Automatic Stay on February 25, 2011. On March 2, 2011, the Stanislaus County Sheriff's Department executed Plaintiff's Writ of Possession and placed Plaintiff in peaceful possession of the Subject Property.

    3.   Plaintiff contends that the removal of the instant case to Federal Court was improper because removal cannot be accomplished after the Court, having jurisdiction over the claims to be removed, has made its findings of fact and conclusions of law. (1 Norton Bankr. L. & Prac. 3d § 7:1). Defendants may not remove a case from a state court to a federal court after the

state court has entered a final judgment that terminates the litigation.  (14B Fed. Prac. & Proc. Juris. § 3721 (4th ed.)). Moreover, this case was not properly removed as neither federal question nor diversity jurisdiction exists.

IV.  Orders Re Amendments To Pleadings.

    1.   Plaintiff does not propose any further amendments to any pleadings.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   See paragraph 1 in the Summary of Pleadings section above.

    B.   Contested Facts.

        1.   None.

VI.  Legal Issues.

    A.   Contested.

        1.   Jurisdiction is disputed.  Plaintiff contends the Court does not have jurisdiction under 28 U.S.C. §§ 1531 or 1441 because the amount in controversy does not exceed $75,000 and the complaint is based exclusively on Cal. Code Proc. §§ 1161(a) and 1174(b).

        2.   No basis for Federal jurisdiction exists and therefore venue is not proper.

        3.   Whether this case should be remanded to State Court it having been finally adjudicated by a judgment entered December 10, 2010.

VII. Consent to Magistrate Judge Jurisdiction.

    1.   Plaintiff has consented to transfer the case to the

1 | Magistrate Judge for all purposes, including trial.
2 | VIII.   Corporate Identification Statement.
3 |     1.   Any nongovernmental corporate party to any action in
4 | this court shall file a statement identifying all its parent
5 | corporations and listing any entity that owns 10% or more of the
6 | party's equity securities.  A party shall file the statement with
7 | its initial pleading filed in this court and shall supplement the
8 | statement within a reasonable time of any change in the
9 | information.
10 | IX.   Discovery Plan and Cut-Off Date.
11 |     1.   Plaintiff will file a motion for remand on or before
12 | June 17, 2011.
13 |     2.   That motion shall be heard July 18, 2011 at 10:00 a.m.
14 | in Courtroom 3.
15 |     3.   It is anticipated that this case will be resolved by
16 | motion and therefore no other matters need be considered in this
17 | Scheduling Order at this time.
18 | X.   Motions - Hard Copy.
19 |     1.   The parties shall submit one (1) courtesy paper copy to
20 | the Court of any motions filed.  Exhibits shall be marked with
21 | <u>protruding numbered or lettered tabs</u> so that the Court can easily
22 | identify such exhibits.

IT IS SO ORDERED.

Dated:   June 15, 2011                /s/ Oliver W. Wanger
                                  UNITED STATES DISTRICT JUDGE

4