UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>            Plaintiff,<br><br>       v.<br><br>JULIAN GALLARDO,<br><br>            Defendant. | 1:10-cv-02337 OWW DLB<br><br>ORDER GRANTING UNOPPOSED MOTION TO REMAND (DOC. 4) |

This action concerns real property located at 2409 Park Brae Way, Modesto, CA 95358 ("Subject Property"). Plaintiff, Federal Home Loan Mortgage Corporation ("Freddie Mac"), purchased the Subject Property at a trustee's sale on June 8, 2010.  Doc. 1 at page 12 of 19. Freddie Mac's title was perfected by the recording of the Trustee's Deed Upon Sale.  *Id*.  Defendant Julian Gallardo was served with a written 3-Day Notice to Vacate on July 15, 2010.  *Id*.  Defendant failed to comply with the Notice to Vacate, and Freddie Mac filed an action for unlawful detainer in Stanislaus County Superior Court on

1

August 10, 2010.  *Id*.  Defendant filed an Answer and trial was scheduled for November 16, 2010.

After trial on November 16, 2010, the Superior Court found Freddie Mac was entitled to possession of the Subject Property but that no lockout would occur prior to December 5, 2010.  Plaintiff's Request for Judicial Notice ("PRJN") at Ex. A.  Judgment was entered in favor of Plaintiff and a writ of possession issued on December 10, 2010.  *Id*.

Defendant removed the underlying action to this Court on December 15, 2010.  Doc. 1.  Shortly thereafter, on December 17, 2010, Defendant filed for Chamber 13, Bankruptcy protection in the United States Bankruptcy Court for the Eastern District of California, Petition No. 10-94880.  PRJN, Ex. B.  The automatic bankruptcy stay prevented Plaintiff from executing the writ of possession on December 10, 2010.  On February 24, 2011, Freddie Mac obtained relief from the automatic stay.  RJN, Ex. C.  According to Freddie Mac's motion, lockout was scheduled and completed on March 2, 2011.  Possession of the property is no longer in dispute.  Freddie Mac now requests remand of this case to Stanislaus County Superior Court.  Doc. 4.  Defendant, who proceeds *pro se*, has not filed an opposition and failed to appear at oral

argument on this motion.

The standard for removal is set forth in 28 U.S.C. § 1441, which provides that a defendant may remove to federal court any action over which the federal court would have original jurisdiction:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a).

Federal courts have original jurisdiction over civil actions arising under the U.S. Constitution, federal laws, or treaties of the United States -- so called "federal questions."  28 U.S.C. § 1331.  Federal Question jurisdiction is governed by the "well-pleaded complaint rule," which provides that the federal question must be presented on the face of the plaintiff's properly pleaded complaint.  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).  The existence of a defense based on federal law is insufficient.  *Id*.  Here, there is no federal question jurisdiction because the face of the complaint reveals only one claim: a state law cause

3

of action for unlawful detainer, to recover possession of real property, an inherently local action, involving the law of real property and contract.

Alternatively, a Federal Court may assert original jurisdiction over civil actions where the matter in controversy exceeds $75,000 in value, exclusive of interest and costs, and is between citizens of different States, pursuant to the "diversity" statute, 28 U.S.C. § 1331.  Even assuming the truth of the allegation in the complaint that the amount in controversy is $95,000, removal of diversity cases is limited to situations where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. 1441(b).  Here, based on Julian Gallardo's own admission in his removal papers, he is a resident of California, Doc. 1, Defendant is a citizen of the state in which this action is brought and therefore is barred from removing this case to federal court.

Plaintiff also requests that it be allowed to recover its reasonable fees and costs incurred in filing this motion for remand, in the amount of $675 plus costs.  28 U.S.C. § 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual

4

expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c), only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A *pro se* defendant is "entitled to more leeway in his attempt to comply with the removal statute, as long as it was not objectively unreasonable." *HSBC Bank USA, N.A. v. Bryant*, 2009 WL 3787195 (S.D. Cal. Nov. 10, 2009). Nevertheless, pro se litigants "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Defendant has failed to offer any explanation for his removal, which fails to comply with the facial requirements of the removal statute, and has filed no opposition.

Plaintiff's fee request includes 2.0 billable hours to prepare the motion and an anticipated additional one (1.0) hour to attend the hearing (at $225.00/hour), for a total of $675, is reasonable

## CONCLUSION

For the reasons set forth above:

(1) This action is REMANDED to Stanislaus County Superior Court; and

(2) Plaintiff's request for $675.00 in attorney's fees and costs associated with this remand motion is GRANTED.

Plaintiff shall submit a proposed order consistent with this memorandum decision within five (5) days following electronic service.

SO ORDERED
Filed:  July 18, 2011
                              /s/ Oliver W. Wanger
                              United States District Judge